857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter E. GAFFNEY, Defendant-Appellant.
 No. 87-5915.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 LIVELY, Circuit Judge.
 
 
 1
 The defendant was convicted by a jury of possessing cocaine with intent to distribute, and aiding and abetting others in possessing cocaine with intent to distribute. On appeal he argues that the evidence was insufficient to support the verdict and that he was entitled to a judgment of acquittal on his motion at the conclusion of the government's case. He also contends that the assistant United States attorney engaged in prosecutorial misconduct and that his counsel was ineffective.
 
 
 2
 In arguing sufficiency of the evidence, Gaffney concentrated almost totally on the charge of possession while giving scant attention to the charge of aiding and abetting, which was also submitted to the jury. This court set forth the requirements for proof of constructive possession in United States v. Beverly, 750 F.2d 34 (6th Cir.1984), and Gaffney argues that the facts in Beverly, where we reversed a conviction for failure to prove constructive possession, were stronger in favor of the prosecution than in the present case. The government points out that the evidence showed that Gaffney was in control of a motel room where the cocaine was located for a period of time and that, under Beverly, this constitutes sufficient proof of constructive possession. We need not decide this issue, however, because the evidence was clearly sufficient to support a conviction for aiding and abetting others in possessing cocaine with intent to distribute. See United States v. Keefer, 799 F.2d 1115, 1125 (6th Cir.1986), where the court approved an instruction on aiding and abetting. There was an abundance of evidence from which the jury could find that Gaffney willfully associated himself in the criminal venture to possess cocaine with the intent to distribute it and willfully participated in that venture in order to help bring it to a successful conclusion. This evidence was sufficient on the aiding and abetting charge.
 
 
 3
 We have examined the record pertaining to the alleged improper remarks of the prosecutor during closing argument, to which there was no objection, and conclude that they did not constitute "plain error." Further, the incidents relied upon to support the claim of ineffective assistance of counsel do not satisfy either prong of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 The judgment of the district court is affirmed.